UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,
LOCAL 501,
          Plaintiff,
vs.

MERRICK GARLAND, as Attorney
General of the United States, U.S.
Department of Justice, Federal
Bureau of Prisons,
          Defendant/Agency.
_____/

## PLAINTIFF'S PETITION FOR CONFIRMATION, RECOGNITION, AND ENFORCEMENT OF ATTORNEY'S FEE AWARD, RENDERED IN ARBITRATION.

Pursuant to 9 U.S. Code, Section 9 of the Federal Arbitration Act (hereinafter, referred to as, the "FAA"), Plaintiff, American Federation of Government Employees, Local 501, petitions this Court for the entry of a final judgment, recognizing an award of reasonable attorney's fees, rendered during a labor arbitration proceeding, under 5 U.S.C. Section 7701 (g)(1), and based on the following grounds:

(i) Confirming, recognizing, and enforcing the June 23, 2022, Arbitration Award for Attorney's Fees, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50), rendered in the labor arbitration proceeding, between the Plaintiff, the American Federation of Government Employees, Local 501,

1

and the Respondent, Merrick Garland, as Attorney General of the United States, Federal Bureau of Prisons, in favor of the Plaintiff, *see*, the Arbitrator's Award on Attorney's Fees, attached hereto, as **EXHIBIT A**;

(ii) Entering judgment in favor of the American Federation of Government Employees, Local 501, against the Respondent, Merrick Garland, as Attorney General of the United States, Federal Bureau of Prisons, in the amount of the Arbitration Award on Attorney's Fees, previously granted by the Arbitrator, Mr. Stuart Goldstein, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50), in favor of the Plaintiff; and

(iii) Granting the American Federation of Government Employees, Local 501, such further relief, such as costs, and reasonable prejudgment interest, for any additional relief, which the Court deems to be just and proper.

## INTRODUCTION

1. The American Federation of Government Employees, Local 501, has prevailed in a labor arbitration case, between the parties, herein, entitled, "In the Matter of the Arbitration between, the American Federation of Government Employees, Local 501, and the Respondent, Agency, Merrick Garland, as Attorney General of the United States, Federal Bureau of Prisons," under the auspices of the Federal Mediation and Conciliation Service, as designated by Case No.210512-06662, and entered on April 25, 2022, by the Arbitrator, Mr. Stuart Goldstein. [A copy of the Arbitrator's Award, dated April 25, 2022, ruling on the substantive issues of the labor arbitration case, is attached hereto, as **EXHIBIT B**].

2

2. Over ninety days have now elapsed since the entry of the Arbitration Award, on the merits, in this case, on April 25, 2022, and the Agency has failed to move to vacate the Arbitration Award, during the requisite ninety-day period.[1]

3. The parties, herein, the American Federation of Government Employees, Local 501 (hereinafter, referred to as, the "Union"), and Merrick Garland, as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons (hereinafter, referred to as, the "Agency"), have agreed to be bound by the terms and provisions of the applicable collective bargaining agreement, whereby each party has consented to and agreed to be legally bound by the final decision and determination of the Arbitrator, in this case, Mr. Stuart Goldstein, regarding all disputed issues, arising under the collective bargaining agreement.

4. More specifically, pursuant to the applicable collective bargaining agreement between the parties, also known as the "Master Agreement," herein, under Article 32, Section h, the Arbitrator's Award shall be binding on the parties, herein. [An excerpt of the Master Agreement, specifically, under Article 32, the binding and final nature of an Arbitration Award, is attached hereto, as **EXHIBIT C**].

5. On June 23, 2022, the Arbitrator entered an Award of Attorney's Fees, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50),

---

[1] Moreover, as of the date of service of the Petition on the Defendant/Agency, more than ninety days will have elapsed from the entry of the Arbitrator's Award on Attorney's Fees, thereby barring the filing of any possible motion to vacate the Award on Attorney's Fees.

rendered, because of undersigned counsel's, professional time, on behalf of the Union, in the arbitration proceeding, in favor of the Union, and against the Agency. [*See*, the Arbitrator's Award on Attorney's Fees, attached hereto, as **EXHIBIT A.**]

6. On July 5, 2022, undersigned counsel for the Union, sent correspondence by email, and by fax, to the Warden of FDC Miami, Eugene Carlton, demanding payment for the attorney's fee award, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50) [*See,* Counsel's Letter of July 5, 2022, attached hereto, as **EXHIBIT D**], but to date, there has been no response from the Agency, and or its representatives, with regard to the demand for payment.

7. No ground, whatsoever, barring the enforcement of the Arbitrator's Award on Attorney's Fees, exists here, compelling the granting of the relief demanded by the Union in this case, as against the Agency.

## PARTIES, JURISDICTION AND VENUE

### The Parties

8. Plaintiff, American Federation of Government Employees (hereinafter, referred to as, "AFGE"), Local 501 (hereinafter, referred to as, the "Union"), is a labor organization, certified as the collective bargaining representative of bargaining unit members, employed by the Federal Bureau of Prisons, at the Federal Detention Center (hereinafter, referred to as, "FDC"), at Miami, Miami-Dade County, Florida.

9. As the certified collective bargaining representative, the Union represents its members, federal corrections officers, pursuant to a collective bargaining agreement, also known as

the "Master Agreement," in force and in effect between the Union and the employer, the U.S. Department of Justice, federal Bureau of Prisons.

10. The Agency, headed by Merrick Garland, as Attorney General of the United States, Federal U.S. Department of Justice, Bureau of Prisons (hereinafter, referred to, as the "Agency"), is the employer of the bargaining unit members, represented by their collective bargaining representative, the Plaintiff, herein, AFGE Local 501.

## Venue

11. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. Section 1391, since the events giving rise to this action and to the pertinent enforcement claim, occurred in the Southern District of Florida.

12. Venue is proper in the Southern District of Florida, pursuant to 9 U.S.C. Section 204 And 28 U.S.C. Section 1391 (f)(4).

## Subject Matter Jurisdiction

13. This Court has subject matter jurisdiction under 9 U.S. Code Section 9 of the FAA, whereby, any party to the arbitration may apply to the district court for an order confirming the Arbitration Award, and thereupon the Court must grant such an application, unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title.

## THE APPLICABLE COLLECTIVE BARGAINING AGREEMENT, THE ARBITRATION AND THE AWARD

14. The parties, herein, AFGE Local 501, and Merrick Garland, as Attorney General of the United States, Federal Bureau of Prisons, are parties to a collective bargaining agreement,

5

also known as, the Master Agreement, which has been extended by the mutual agreement and consent of the parties from July 20, 2017, to August of 2026, and under Article 27 (a) of the collective bargaining agreement, entitled, "Health and Safety," there are primarily two main areas of concern regarding the safety and health of Agency employees:

(i) The first, which affects the safety and well-being of employees, involves the inherent hazards of a correctional environment; and

(ii) The second, which affects the safety and health of employees, involves the inherent hazards associated with the normal industrial operations found throughout the Federal Bureau of Prisons.

15. Moreover, under Article 28 (b) of the applicable collective bargaining agreement between the parties, herein, also known, as the Master Agreement, the Agency is required to ensure that adequate supplies of security and safety equipment are available to be issued for those employees, bargaining unit members, for their use, in the normal and routine performance of their duties.

16. On March 5, 2021, the Union filed a grievance, claiming the following contractual violations under the applicable collective bargaining agreement:

> On March 1, 2021, the union became aware that management at FDC Miami failed to follow the Master Agreement, at Article 27, Section 1(a), which states that there are two distinct areas of concern regarding the safety and health of employees in the Federal Bureau of Prisons. First, which affects the safety and well being of employees involves the inherent hazard of the correctional environment. On Match 1, 2021, management roster adjusted several staff who were attending Annual refresher Training to work at different positions throughout the building without their protective equipment (stab resist vest, duty belt and safety boots) Union local 501 finds that management's actions are an attempt to avoid the use of overtime procedures, and a disregard for the safety of their employees.

17. For substantive relief, the grievance requested the following remedy:

> Ask management to follow Master Agreement Article 27, to cease and desist the present and future practices, to roster adjust staff, attending annual refresher training, and to order the Agency to abide by all applicable laws and regulations, in regard to overtime procedures, and to make the employee(s) whole in accordance with the Back Pay Act.

18. The gravamen of the grievance is essentially that certain bargaining unit members who had been assigned to training, were "roster adjusted," out of training to other assignments, these assignments, according to the grievance, were either for the purpose of, or had the effect of, denying overtime compensation to certain employees, and the implementation of these assignments, caused employees to report to adjusted job assignments, without all of the necessary protective gear, such as safety boots, stab vests, safety gloves and duty belts.

19. In its post-hearing brief, the Union sought an award of attorney's fees, pursuant to 5 U.S.C. Section 5596 (A)(ii).

20. The Arbitrator specifically found that the Union established violations of Articles 27 and 28 of the applicable collective bargaining agreement, also known as, the "Master Agreement," by assigning federal correction officers, bargaining unit members and members of the Union, to "foot hazard areas," without their protective footwear.

21. The Arbitrator's Award, on the substantive issues in this case, dated April 25, 2022, drew its essence from the terms and conditions of the parties' collective bargaining agreement, also known as, the "Master Agreement."

22. Following the entry of the Arbitrator's Opinion and Award, on April 25, 2022, the Union timely filed its Motion for Attorney's Fees, on May 2, 2022, seeking an award of attorney's fees under 5 U.S.C. Section 7701 (g)(1) and 5 U.S.C. Section 5596 (A) (ii)

23. Because the Union prevailed on one of the two aspects of the subject grievance, specifically, the pertinent safety violation, based on the lack of protective equipment, the Arbitrator found that the Union was the prevailing party, entitled to an award of reasonable attorney's fees.

24. The Arbitrator specifically found that the Agency's violations of Articles 27 and 28 of the applicable collective bargaining agreement, also known as, the "Master Agreement," was a prohibited personnel practice, falling under the heading of granting reasonable attorney's fees *in the interest of justice*, under 5 U.S.C. Section 7701 (g)(1), thereby authorizing an award of reasonable attorney's fees to the Union, in this case.

## THE ARBITRATOR'S AWARD ON THE ENTITLEMENT TO ATTORNEY'S FEES IS FINAL, BINDING, AND SUBJECT TO ENFORCEMENT.

25. The Arbitrator's Award, authorizing reasonable attorney's fees, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50); is final and binding; and subject to enforcement, in accordance with the applicable collective bargaining agreement between the parties, also known as the "Master Agreement," under Article 32, Section h.

26. There is a strong policy of judicial deference, in recognizing the arbitration process as final and binding,[2] since under the with the applicable collective bargaining agreement between the parties, also known as the "Master Agreement," the parties themselves selected the process, the forum and the Arbitrator, to resolve all disputes arising under the applicable collective bargaining agreement.

27. The function of the district court is very limited, when the parties, as they have here, agreed to submit all questions of contract interpretation to the Arbitrator; and it is confined to ascertaining whether the party seeking arbitration is making a claim on its face, which is governed by the collective bargaining agreement, and consistent with this issue, the parties have bargained for the Arbitrator's judgment.[3]

28. Under the FAA, 9 U.S.C. Section 10(c), the federal courts are empowered to set aside arbitration awards, only on such grounds when the "arbitrator is guilty of misconduct. . . in refusing to hear evidence pertinent to the controversy;" and here, there is not even a scintilla of evidence in this case, to even suggest that such decisionmaker misconduct occurred.

---

[2] See, Steelworkers v. Enterprise Wheel & Car Co., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); Steelworkers v. Warrior Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), Steelworkers v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), the three cases are known as, the "Steelworker's Trilogy."

[3] See, United Paperworkers Int'l. Union v. Misco, 484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987).

29. Even if the arbitrator erred in refusing to hear disputed evidence, if his error was not committed in bad faith, it cannot result in actionable misconduct, and the Arbitrator's error cannot be seen as a basis, for a judicial overturning of the Arbitration Award.

30. However, in short, in this case, there is no legal basis, whatsoever, to vacate the Arbitrator's underlying Award, rendered on April 25, 2022, of the Award on Attorney's Fees, granted in favor of the Union, and against the Agency, On June 23, 2022.

## THE COURT SHOULD CONFIRM, RECOGNIZE, AND ENFORCE THE AWARD AUTHORIZING THE PAYMENT OF ATTORNEY'S FEES, BECAUSE IT FALLS UNDERA THE STRONG FEDERAL POLICY FAVORING ARBITRATION AS A METHOD OF DISPUTE RESOLUTION, AND NO REASON FOR VACATING THE AWARD EXISTS

31. As previously noted, the Arbitrator's Award on Attorney's Fees, is the result of the Arbitration proceeding, between the parties; and hence, it is final, binding, and subject to enforcement by the Court.

32. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the FAA, are generally, summary in nature.

33. Pursuant to the FAA, 9 U.S. Code, Section 9, the Union is entitled to immediate confirmation, recognition, and enforcement of the Arbitration Award, on Attorney's Fees, and the Plaintiff, AFGE Local 501, respectfully requests that the Court enter judgment, against the Agency, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50), as rendered in the arbitration proceeding, along with reasonable costs and prejudgment interest.

**WHEREFORE**, the American Federation of Government Employees, Local 501, respectfully requests that this Court take the following steps to award the Plaintiff relief: (a) enter a judgment in its favor, and against the Agency, confirming, recognizing and enforcing the Arbitration Award on Attorney's Fees, in the amount of Twenty-Three Thousand Five Hundred Thirty-Seven Dollars and Fifty Cents ($23,537.50), (b) grant the Union judgment against the Agency, in the amount of the Award on Attorney's Fees, together with prejudgment interest and costs; and (c) grant the Union such other and further relief as this Court deems to be just and ;proper.

Dated on September 16, 2022.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
AFGE Local 501
One Ten Tower
110 SE 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 294-9132 Telecopier
E-mail: labor@markjberkowitz.com
Fla Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz